UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VERNAL BRANKER,

                Petitioner,

     -against-                                     MEMORANDUM
                                              AND ORDER
THE PEOPLE OF THE STATE OF NEW YORK,[1]     13-CV-6252 (WFK)

                Respondent.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

Vernal Branker ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his 2008 conviction in the New York Supreme Court, Queens County. The Court grants Petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of his petition and, for the reasons set forth below, determined that the petition is likely deficient for two reasons. First, Petitioner does not appear to satisfy the "in custody pursuant to the judgment of a State court" standing requirement of 28 U.S.C. § 2254(a). Second, even if Petitioner is able to demonstrate that he is "in custody," the petition appears to be time-barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court orders the petitioner to show cause, within thirty days of the entry of this Memorandum and Order, why the Court should not dismiss his petition.

---

[1] The proper respondent in a habeas corpus petition is the officer having custody of the applicant.

1

## BACKGROUND

On September 11, 2008, a jury convicted Petitioner of bail jumping in the second degree. Petition at ¶ 2, *People v. Branker*, 89 A.D.3d 958, 958, 932 N.Y.S.2d 707, 707 (N.Y. 2d App. Div. Oct. 28, 2011)). The Court sentenced Petitioner on October 6, 2008 to two to four years incarceration. Petition at ¶ 3; *Branker*, 89 A.D.3d at 958, 932 N.Y.S.2d at 707. It is unclear from the petition where and when petitioner served this sentence, and when he was released from New York state custody. Petitioner is currently in the custody of the State of Connecticut Department of Corrections, pursuant to a 2003 sentence of thirty-three years. *See http://www.ctinmateinfo.state.ct.us* (last visited November 25, 2013).

## DISCUSSION

### I. Custody Requirement

To be entitled to relief pursuant to 28 U.S.C. § 2254, a petitioner must show he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Where a petitioner's sentence for a conviction has fully expired, a conviction generally may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). However, a petitioner may satisfy the "in custody" requirement if the petitioner is in custody on a later conviction that was enhanced by the allegedly invalid prior conviction, *Lackawanna County*, 532 U.S. at 401–02, or if the petitioner is serving a consecutive state court sentence, *Garlotte v. Fordice*, 515 U.S. 39 (1995).

---

Rule 2(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner was sentenced on October 6, 2008 to a term of two to four years incarceration for the crime of bail jumping in the second degree. Since petitioner was sentenced in 2008 to a maximum term of four years, his sentence likely expired before he filed this petition, five years later, in November 2013. Petitioner provides no information about his current sentence, except to provide his address at a Connecticut state prison. Even giving the petition the most liberal construction, the petition does not allege that Petitioneris challenging the Queens County conviction because it was used to enhance another sentence or that his Connecticut sentence is consecutive to his New York sentence. However, since the petition does not provide adequate information from which the Court can determine if Petitioner is "in custody" pursuant to the conviction he seeks to challenge, Petitioner is afforded thirty days to show cause why this petition should not be dismissed for lack of jurisdiction because he is no longer in custody pursuant to the New York state conviction he seeks to challenge in this petition.

## II. Statute of Limitations

If Petitioner is able to demonstrate that he is in custody pursuant to the conviction he seeks to challenge, he has another hurdle: his petition appears to be time-barred. With the passage of AEDPA, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under AEDPA. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final.[2] Petitioner was sentenced on October 6, 2008. The New York Supreme Court, Appellate Division, Second Department, affirmed the conviction on November 15, 2011, Petition at ¶ 9; *Branker* 89 A.D.3d at 958, 932 N.Y.S.2d at 707 (N.Y. 2d App. Div. 2011), and the New York Court of Appeals denied leave to appeal on May 4, 2012, *People v. Branker*, 19 N.Y.3d 862 (N.Y. 2012). Thus, Petitioner's conviction became final on August 2, 2012, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 548–49 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Absent some tolling of the one-year statute of limitations period, petitioner had until August 2, 2013 to file his habeas petition. The instant petition, dated November 13, 2013, was filed more than three months after the statute of limitations period expired.

The one-year statute of limitations period is tolled while state post-conviction motions are pending. 28 U.S.C. 2244(d)(2). This tolling provision applies only if a post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period

---

[2] Petitioner does not allege a basis for the application of 28 U.S.C. § 2244(a)(1)(B), (C)

only the time the motion remained undecided. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Petitioner does not state in his petition that he filed any post-conviction motions.

Finally, even if this petition was untimely filed, the limitations period may be equitably tolled, but only if petitioner shows (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted); *Smith*, 208 F.3d at 17. Here, Petitioner states that, following the denial of his motion for leave to appeal to the Court of Appeals in 2012, he was informed by his counsel that there were no further actions he could take to challenge his 2008 conviction. Petition at ¶ 18. Petitioner further states that he only recently learned a federal habeas petition may be used to challenge a state court conviction. *Id.* Ignorance of the law is not, in itself, an extraordinary circumstance that merits equitable tolling. *Sanders v. Chappius*, No. 12 Civ. 3339, 2013 WL 28471, at *4 (S.D.N.Y. Jan. 2, 2013) (Jones, J.). Nonetheless, in light of Petitioner's *pro se* status, the Court provides Petitioner another opportunity to proffer additional facts to demonstrate whether equitable tolling should apply to this petition. Should petitioner have more information in support of this argument for equitable tolling or any other basis for equitable tolling, he shall present the facts to the Court in his affirmation.

## CONCLUSION

Petitioner is hereby directed to show cause by written affirmation, within thirty days of entry of this Memorandum and Order, why this petition should not be dismissed because he is no

---

or (D).

longer in custody pursuant to the conviction he seeks to challenge and/or because this petition is time-barred.

In the affirmation, Petitioner must inform the Court whether and when the sentence imposed pursuant to the 2008 conviction challenged by this habeas petition has been served and he must present any facts which would support either statutory tolling or equitable tolling of the period of limitations (for example, facts showing that extraordinary circumstances prevented Petitioner from timely filing the petition and that he acted with reasonable diligence), if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for thirty days or until Petitioner has complied with this Order. If Petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed. If filed within thirty days, Petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244(d).

SO ORDERED.

/S/ Judge William F. Kuntz, II

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
November 26, 2013